IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00475 SOM |
|---|---|---|
| Plaintiff, | ) ) | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| vs. | ) ) | |
| JULIAN MARTIN AVILA, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Having entered a guilty plea, Defendant Julian Martin Avila was sentenced in this drug case on November 6, 2017, to the statutory mandatory minimum sentence of 120 months in custody, followed by 5 years of supervised release. Judgment was entered on November 8, 2017. About a week later, on November 14, 2017, Avila moved for a reduction of his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. Because his sentence was the lowest permitted by statute, and because, in any event, his sentencing guideline range at the time of sentencing already reflected the effect of Amendment 782, his motion is denied.

A guideline, whether the guideline is amended or not, cannot supersede a statute. Avila received the lowest sentence allowed by statute. As shown by the Presentence Investigation Report, his criminal history made him ineligible for the safety valve, and there was no motion by the United States for a

downward departure based on substantial assistance.  ECF No. 72.
Avila was therefore subject to the 10-year minimum set forth in
18 U.S.C. § 841(b)(1)(A).

As it turns out, the statutory minimum sentence was
very slightly lower than the guideline range of 121 to 151
months.  That range was calculated under the 2016 Guidelines
Manual.  The conduct forming the basis of the charge against
Avila occurred in 2016.  Paragraph 18 of the Presentence
Investigation Report expressly states, "The 2016 Guidelines
Manual, incorporating all guideline amendments, was used to
determine the defendant's offense level.  In this case, there is
no difference between the application of the guidelines in effect
at the time the offense occurred and the guidelines in effect at
the time of sentencing.  USSG § 1B1.11."   ECF No. 72.

Amendment 782 to the United States Sentencing
Guidelines lowered the guideline range for certain drug offenses.
Amendment 782 took effect in 2014.  The 2016 Guidelines Manual
thus reflected Amendment 782, and Avila's guideline range was
calculated under the reduced guidelines (although, as noted at
the start of this order, the guidelines were superseded by the
applicable sentencing statute).

Avila is not entitled to a reduced sentence, and his
motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 12, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Julian Martin Avila, Cr. No. 16-00475 SOM, **ORDER DENYING MOTION TO REDUCE SENTENCE**